

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,415

### EX PARTE JIMMIE URBANO LUCERO

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 48,593-01-C IN THE 251ST JUDICIAL DISTRICT COURT POTTER COUNTY

*Per Curiam*.

## O P I N I O N

This is a post conviction application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure article 11.071. Applicant was convicted of capital murder on May 23, 2005. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Lucero v. State*, 246 S.W.3d 86 (Tex. Crim. App. 2008).

Applicant presents five allegations in his application in which he challenges the validity of his conviction and resulting sentence. The trial court held an evidentiary hearing. Applicant subsequently agreed to waive his first, second, fourth, and fifth allegations; because of this waiver these claims are not before us on habeas review. The trial court adopted the parties' agreed findings of fact and conclusions of law pertaining to allegation three based upon ineffective assistance of counsel.

This Court has reviewed the record with respect to the ineffective assistance of counsel allegation made by applicant. Based on the habeas court's findings and conclusions and our own review, we hold that applicant's counsel failed to investigate applicant's background or present mitigating evidence at the punishment phase in violation of *Rompilla v Beard*, 545 U.S. 374 (2005). *See also Wiggins v. Smith*, 539 U.S. 510 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000). Therefore, relief is granted.

We vacate applicant's sentence and remand the case to the trial court for a new punishment hearing or other proceeding consistent with this opinion. *See* TEX. CODE CRIM. PROC. art. 44.251(c).[1]

IT IS SO ORDERED THIS THE 15th DAY OF SEPTEMBER, 2010.

Do Not Publish

---

[1] Applicant and the State request that, in the interest of justice, this Court reverse the punishment judgment and render a life sentence. This Court may not honor the parties' request at this time. *See* TEX. R. APP. P. 78.1 and TEX. CODE CRIM. PROC. art. 44.251(b).